**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109444

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN KOS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

JOHN KOS (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against GC Services Limited Partnership (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.  This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Texas.

4.  Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this

1

Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Texas.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Houston, Texas.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. 15 U.S.C. § 1692g(a)(3) requires Defendant to set forth "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

20. Defendant's letter states, "Unless you, within thirty (30) days after your receipt of GC Services' initial written notice to you concerning this debt, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by GC Services."

21. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the "least sophisticated consumer" or "unsophisticated consumer" to believe there was a prior initial written communication from Defendant.

22. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the "least sophisticated consumer" or "unsophisticated consumer" concerning the time frame to dispute the debt or seek validation of the debt.

23. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

24. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain as to her rights.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

25. Defendant's addition of the words "after your receipt of GC Services' initial written notice to you concerning this debt" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the "least sophisticated consumer" or "unsophisticated consumer" confused as to her rights.

26. For the foregoing reasons, Defendant has violated § 1692g.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29. The written notice must contain the amount of the debt.

30. The written notice must contain the name of the creditor to whom the debt is owed.

31. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

33. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

35. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

36. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

37. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" or "unsophisticated consumer" uncertain or confused as to her rights.

38. Demanding payment within the thirty (30) day validation period without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

39. Demanding payment within the thirty (30) day validation period without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

40. Defendant has demanded Plaintiff make payment within the thirty (30) day validation period.

41. Defendant's letter to Plaintiff is dated April 17, 2015.

42. Plaintiff had thirty (30) days from receipt of the letter to seek validation of the debt or dispute the debt.

43. On April 17, 2015, within this thirty (30) day period, American Express sent Plaintiff a letter demanding immediate payment be sent to Defendant. ("Exhibit 1")

44. Acting in concert with American Express, Defendant's conduct during the thirty (30) day period would likely make the least sophisticated consumer or unsophisticated consumer uncertain as to her rights.

45. Acting in concert with American Express, Defendant's conduct during the thirty (30) day period would likely make the least sophisticated consumer or unsophisticated consumer confused as to her rights.

46. The April 17, 2015 letter abridged Plaintiff's thirty (30) day period to seek validation of the debt.

5

47. The April 17, 2015 letter abridged Plaintiff's thirty (30) day period to dispute debt.

48. Defendant has demanded Plaintiff make payment within the thirty (30) day validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

49. Defendant has demanded Plaintiff make payment within the thirty (30) day validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

50. Defendant's demand for payment would likely make the least sophisticated consumer or unsophisticated consumer uncertain as to her rights.

51. Defendant's demand for payment would likely make the least sophisticated consumer or unsophisticated consumer confused as to her rights.

52. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

54. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

56. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

57. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer" or "unsophisticated consumer."

58. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

59. The least sophisticated consumer or unsophisticated consumer would likely be deceived by Defendant's conduct.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

60. The least sophisticated consumer or unsophisticated consumer would likely be deceived in a material way by Defendant's conduct.

61. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## FOURTH COUNT
### Violation of New York General Business Law § 349

62. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

64. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

65. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

66. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

67. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

68. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

69. Plaintiff is a reasonable consumer.

70. Defendant's conduct would mislead a reasonable consumer.

71. Defendant engaged in a material deceptive act or practice as described herein.

72. Defendant's conduct caused plaintiff to suffer injury.

73. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

74. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

7

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Damages against Defendant pursuant to NYGBL § 349; and

e. Plaintiff's costs; together with

f. Such other relief that the Court determines is just and proper.

DATED: August 6, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109444